Michael A. McGill, Esq., SBN 231613
mmcgill@adamsferrone.com
Adams, Ferrone and Ferrone APC
433 Park Terrace Drive, Suite 200
Westlake Village, CA 91361
Telephone: (805) 373-5900
Facsimile:  (818) 874-1382

Attorneys for Plaintiff
KEITH FREEMAN, et al.

Bruce A. Lindsay, Esq., SBN 102794
bal@jones-mayer.com
JONES & MAYER
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone:  (714) 446-1400
Facsimile:  (714) 446-1448

Attorneys for Defendant
CITY OF WEST COVINA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH FREEMAN, BRYAN GABOURY, ANTHONY HUACUJA, JOSEPH MEYERS, and DOUG WEISCHEDEL, JOSEPH SURDAM, MATT SEVILLA, MATT NELSON, and TEDDE STEPHAN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WEST COVINA, and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No.  2:17-cv-03738-MWF-E<br><br>*Assigned to: Hon. Michael W. Fitzgerald*<br><br>**JOINT REQUEST FOR APPROVAL OF PROPOSED SETTLEMENT AGREEMENT** |

Plaintiffs    KEITH    FREEMAN,    BRYAN    GABOURY,    ANTHONY

HUACUJA, JOSEPH MEYERS, DOUG WEISCHEDEL, JOSEPH SURDAM,

MATT  SEVILLA,  MATT  NELSON,  and  TEDDE  STEPHAN  (the  "Settling

Plaintiffs"), and Defendant CITY OF WEST COVINA (the "City") (collectively the

"Parties") submit this joint request for approval of their settlement agreement ("Request").

1. Settling Plaintiffs KEITH FREEMAN, BRYAN GABOURY, ANTHONY JUACUJA, JOSEPH MEYERS, and DOUG WEISCHEDEL are or were police officers employed by the City who commenced this action on May 17, 2017 under the Fair Labor Standards Act, 29 U.S.C. section 201, et seq. ("FLSA"). Plaintiffs sought to recover back wages and associated damages and attorney's fees caused by the City's alleged failure to include, among other things, payments made in lieu of health insurance benefits ("CIL" compensation) in the regular rate of pay when calculating overtime.  The Parties agreed to a tolling agreement prior to Plaintiffs commencing this lawsuit.

2. The Defendant City filed an Answer to the Complaint denying its material allegations and asserting affirmative defenses thereto.

3. Subsequently four additional Plaintiffs joined the lawsuit, JOSEPH SURDAM, MATT SEVILLA, MATT NELSON and TEDDE STEPHAN on or about September 20, 2017.

4. The City began including CIL compensation in the calculation of the regular rate of FLSA overtime for all current employees as of June 2017.

5. The Parties have engaged in extensive formal and informal discovery and settlement negotiations in an attempt to resolve their differences and throughout these negotiations, all Parties were, and continue to be, represented by counsel experienced in wage and employment matters.

6. The Parties wish to avoid the potential uncertainty, expense and delay of continued litigation and have been able to reach an agreement to resolve the action, the material terms of which were recorded in a settlement agreement that has been agreed to by the Parties, signed by all Plaintiffs and the City, with payment of the agreed settlement sums to be made by the City within thirty (30) days of the Court approving this settlement.

7.    A true and correct copy of the "Settlement Agreement and Release of Claims" ("Agreement") is attached hereto as Exhibit A and incorporated herein by this reference.

8.    In arriving at the agreed upon settlement, Plaintiffs' counsel had to balance the guarantee of the proposed settlement which provides a benefit to this group of employees in the very near future against the risk of potentially recovering less many months from now after trial or years after an appeal.   Further, the Defendant City had to consider the merits of Plaintiffs' underlying claims and the appropriate defenses and the risks associated therewith.  Plaintiffs' potential recovery at trial remains unknown, but the Parties believe that the terms of the settlement set forth in the Agreement are consistent with and within the range of any reasonable result the Plaintiffs might expect to obtain after a trial.

9.    In this respect, the Parties dispute whether the City's alleged failure to include CIL compensation in the FLSA calculation of the Plaintiffs that received such compensation was "willful" or not.  If the alleged failure was "willful" a three year statute of limitations for inclusion of back pay prior to filing suit applies, whereas a two year limitation applies if the alleged failure was not "willful."  Additionally, the City established a work period for its police officers in compliance with 29 U.S.C. section 207(k) that extended the threshold for FLSA overtime beyond the forty (40) hours of actual work in the otherwise FLSA mandated seven (7) day work period that applies to employees that are not police or fire fighters.  The City asserts that it did so in compliance with the provisions of the FLSA, which the Plaintiffs have disputed.

10.    The Parties took these disputed issues into consideration and applied a fair discount in arriving at the settlement allocation for each of the Settling Plaintiffs. In this respect, the Settling Plaintiffs will each receive back pay calculated on the CIL compensation for the hours that each actually worked FLSA overtime from the time of the correction of the FLSA overtime calculation in June, 2017 back to three (3) years prior to the filing of the lawsuit as extended by the Parties' tolling

- 3 -

agreement.  This sum was doubled for each Settling Plaintiff to act as an award of liquidated damages for all but one half of the third year prior to suit.  That is, each Settling Plaintiff will receive back pay from the time of correction in June 2017 back to three (3) years prior to commencing suit as extended by the tolling agreement for their FLSA overtime hours plus liquidated damages from the time of the correction in June 2017 back until two and one-half (2 1/2) years prior to commencing the lawsuit.

11.     Were the case to go to trial, the Settling Plaintiffs could receive an award back to two (2) years prior to commencing the lawsuit as extended by the tolling agreement or back to three (3) years prior to filing suit as extended by the tolling agreement doubled for liquidated damages.  The settlement is a compromise as to the sum for liquidated damages only, with Plaintiffs' entitlement to such additional (third year) compensation for back pay and liquidated damages continuing to be disputed by the Parties.

12.     The Agreement provides for an aggregate payment of $34,333.61 to the Plaintiffs to resolve their CIL compensation claims. Per the Agreement, payments are to be made within thirty (30) days of the Court's approval of this settlement.

13.     Conditioned upon court approval of the terms of the Agreement, the Defendant has agreed to pay Plaintiffs' legal counsel (the law firm of Adams, Ferrone & Ferrone) $17,500.00 as full and complete payment of attorney's fees and costs of suit.  This amount will be paid within thirty (30) days of Court approval of the Request.  Defendant concurs that this represents a reasonable fee (and costs of suit) for the nature of the work performed and the result obtained.  Plaintiffs and their legal counsel also confirm that this amount represents a reasonable compensation for the work performed and effort expended, in light of the qualifications of the Adams, Ferrone & Ferrone firm.  Further, this amount represents 50% of the total sum received by the Settling Plaintiffs or 33% of the total settlement amount including the attorney's fees and costs to be paid by the Defendant upon approval of the

- 4 -

1    Request by the Court.

2      14.    Courts have determined that the provisions of the FLSA are mandatory

3   and cannot generally be abridged by contract or otherwise waived. *Lynn's Food*

4   *Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). However, when

5   employees bring a private action for compensation under the FLSA, and present the

6   district court with a proposed settlement, the district court may enter a judgment after

7   scrutinizing the settlement for fairness. *Id.* at 1353.

8      15.    The Parties to this action present the Court with this stipulation

9   regarding approval of the proposed settlement Agreement and dismissal with

10   prejudice and order thereon ("Stipulation and Order") through which they intend to

11   finally resolve all claims asserted in this action.

12      16.    The Court is requested to make findings and a determination regarding

13   the law and the fairness of the settlement, as set forth in this Stipulation and proposed

14   Order, as well as the attached settlement agreement and declarations of counsel for

15   the Plaintiffs and the City. The Parties do not acknowledge or admit that there has

16   been any violation of the law by entering this Joint Stipulation and Application for

17   Approval of Settlement.

18      17.    The Parties jointly request the Court find the settlement is fair,

19   reasonable and just and therefore request the Court approve of and enter the

20   Stipulation and Order;

21      IT IS THEREFORE STIPULATED, by and between the Parties, through their

22   respective counsel, that:

23      1.    The settlement Agreement which is incorporated herein by reference, is

24   fair, reasonable and just in all respects as to the Plaintiffs, and the Court should

25   therefore approve the settlement Agreement and enter this Stipulation and Order;

26      2.    The Court should expressly reserve jurisdiction with respect to this

27   Action for the purposes of enforcing the Agreement;

28      3.    The award and allocation of attorney fees and costs should be as

JOINT REQUEST FOR APPROVAL OF PROPOSED SETTLEMENT AGREEMENT

provided for in the Agreement; and

4.     Upon the Court's approval of the Agreement, this Action should be dismissed with prejudice.

Dated:  February 19, 2019          ADAMS FERRONE & FERRONE


                                   By:*/s/Michael A. McGill*
                                   Michael A. McGill
                                   Attorneys for Plaintiffs,
                                   MATT JACKSON, ET AL.


Dated:  March 1, 2019              JONES & MAYER


                                   By:*/s/Bruce A. Lindsay*
                                   Bruce A. Lindsay
                                   Attorneys for Defendant
                                   CITY OF WEST COVINA

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing. By: */s/Bruce A. Lindsay*

JOINT REQUEST FOR APPROVAL OF PROPOSED SETTLEMENT AGREEMENT

**EXHIBIT A**

## SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is made this _28th_ day of January, 2019, by KEITH FREEMAN, BRYAN GABOURY, ANTHONY HUACUJA, JOSEPH MEYERS, MATT NELSON, MATT SEVILLA, TEDDE STEPHAN, JOSEPH SURDAM and DOUG WEISCHEDEL, (the "Claimants"), with the CITY OF WEST COVINA (the "City"), referred to herein as the "Parties" to this Agreement.

WHEREAS, Claimants are employed by the City and claim that the City owes back pay for overtime compensation under the Fair Labor Standards Act ("FLSA") to claimants arising from claimants' work for the City; and

WHEREAS, Claimants have initiated a lawsuit against the City in the United States District Court for the Central District of California, styled *Keith Freeman, et al. v. City of West Covina,* case no. 2:17-cv-03738 MWF-E (the "Said Lawsuit") alleging that the City owes them back pay for overtime compensation, liquidated damages, penalties, attorneys' fees and/or interest under the FLSA and its implementing regulations, all of which allegations the City has from the outset denied and continues to deny; and

WHEREAS, to the extent that there may be monies owed to the Claimants under the FLSA arising from the claims asserted by the Claimants in the Said Lawsuit, there is a genuine good faith dispute over the entitlement of the Claimants to said claims of unpaid overtime and as to the City's liability therefor; and

WHEREAS, the Parties have engaged in settlement negotiations and as a result have agreed to settle the issues, matters and things in dispute among them in the Said Lawsuit pursuant to the terms of this Agreement;

NOW THEREFORE, in consideration of the mutual terms, conditions and covenants herein set forth, the Parties hereto agree as follows:

1

1.   **Settlement:**   The Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and should not, be construed as an admission by the City of any liability or wrongdoing whatsoever, nor is it, nor shall it, be construed as an admission of any act or fact whatsoever, including but not limited to any violation of federal, state, local or common law, statute, ordinance, directive, regulation or order (including agency or executive orders).

2.   Payment to Claimants:   In return for the good and sufficient consideration set forth herein, the Parties agree to the following:

A.   The City shall pay to the Claimants the sums set forth in the aggregate hereinafter:

| | |
|---|---|
| Keith Freeman | $7,151.69 |
| Bryan Gaboury | $6,864.71 |
| Anthony Huacuja | $987.96 |
| Joseph Meyers | $1,883.60 |
| Matt Nelson | $1,469.28 |
| Matt Sevilla | $6,523.77 |
| Tedde Stephan | $5,550.59 |
| Joseph Surdam | $407.26 |
| Doug Weischedel | $3,494.75 |
| Total: | $34,333.61 |

B.   Each individual Claimant will be issued two checks by the City in the sums set forth for each Claimant hereinafter:

| Claimant | Claimed back pay | Claimed liquidated damages | Total |
|---|---|---|---|
| Keith Freeman | $3,928.86 | $3,222.83 | $7,151.69 |
| Bryan Gaboury | $3,634.10 | $3,230.61 | $6,864.71 |
| Anthony Huacuja | $493.98 | $493.98 | $987.96 |
| Joseph Meyers | $1,022.61 | $860.99 | $1,883.60 |
| Matt Nelson | $861.96 | $607.32 | $1,469.28 |
| Matt Sevilla | $3,627.21 | $2,896.56 | $6,523.77 |
| Tedde Stephan | $2,838.02 | $2,712.57 | $5,550.59 |
| Joseph Surdam | $203.63 | $203.63 | $407.26 |
| Doug Weischedel | $1,803.78 | $1,690.97 | $3,494.75 |
| | | Total: | $34,333.61 |

2

The City will deduct all applicable withholdings and taxes from the payments to each Claimant set forth in the "Claimed back pay" column and the City will issue checks in the full amount for each Claimant set forth in the "Claimed liquidated damages" column, as liquidated damages and which shall be reflected on a 1099 IRS form issued by the City at the appropriate time to each of the Claimants;

C.      Each Claimant acknowledges that Claimant is personally and solely responsible for complying with any and all taxing obligations arising from receipt of their respective portions of the settlement funds.  Claimants hereby indemnify the City from any and all obligations with respect to taxes that may be due on the settlement funds that have been designated and paid as liquidated damages.

3.      **Specific Release and Waiver of Rights and Claims by the Plaintiffs:**  In return for the consideration described above, Claimants unconditionally release and forever discharge the City, its agents, employees, successors, Council Members, attorneys and assigns, both individually and in their official capacities, from any and all claims, causes of action, suits, back-wages, pain and suffering, accounts, promises and demands whatsoever, in law or equity of every kind, nature and character, which the Claimants have asserted in the Said Lawsuit, specifically referring to the City's failure to include the medical opt out money (otherwise referred to as cash-in-lieu of health benefits) in the Claimants' overtime rate of pay.  This release does not extend to any other FLSA violations that may be alleged to have been or be occurring.

4.      **Dismissal of the Said Lawsuit:**  Claimants promise and represent that they will seek approval of the settlement set forth in this Agreement and dismissal of the Said Lawsuit with prejudice pursuant to a stipulation for request for settlement approval and dismissal that the Parties agree may be entered for dismissal of the Said Lawsuit.  Approval of the settlement and dismissal of Said Lawsuit must be granted prior to payment in full of the amounts set forth in this Agreement. The payments set forth heretofore are contingent upon the Court approving this settlement and

3

granting dismissal and will be made within thirty days of the date that the Court approves the settlement and dismisses this lawsuit.   The Parties agree to use their best efforts to obtain the Court's approval of the settlement set forth in this Agreement and dismissal of the Said Lawsuit.

5.   **Claims not Included:**   The Parties agree that the above paragraphs shall release the City from liability to the fullest extent permitted by law and only to the extent permitted by law, subject to the specific release outlined above in paragraph 3.  The Parties acknowledge that this Agreement does not prohibit the following rights or claims:  1) claims that arise after the date the Parties execute this Agreement; and 2) any rights or claims, whether specified above or not, that cannot be waived as a matter of law pursuant to federal statute.  If it is determined that any claim covered by this Agreement cannot be waived as a matter of law, the Parties expressly agree that the Agreement will nevertheless remain valid and fully enforceable as to the remaining released claims.

6.   **Attorneys' Fees:**   The Parties and the attorneys for the Parties, as part of the terms of this Agreement, agree that Claimants' attorneys will receive the sum of seventeen thousand five hundred dollars ($17,500.00) as and for complete and total satisfaction of the claim for attorneys' fees and costs of Claimants' attorneys related to this matter, the settlement and the Said Lawsuit. This sum is separate from the back pay and damages payable to the Claimants as outlined in paragraph 2(B).  This sum shall also be paid within thirty days of the date that the Court approves the settlement and dismisses this lawsuit.

7.   **Entire Agreement:**   The Parties acknowledge that they have carefully reviewed this Agreement in its entirety and understand it and its terms; that the Agreement contains the entire understanding between them and that they are not relying upon any representations or statements, written or oral, made by or on behalf of any Party not set forth herein.

9.   **Waiver and Modification:**   This Agreement may not be modified, altered or changed except upon express written consent of the Parties.

4

10.   **Counterparts:**   The Agreement may be executed in counterparts and/or by facsimile or email scanned image, the whole of which shall constitute the complete Agreement.

11.   **Severability Clause:**   If any terms or provision of this Agreement shall to any extent be found invalid or unenforceable, the remainder of the Agreement shall not be affected thereby, and each term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in this Agreement are not legal, or are void or unenforceable, Claimants agree to promptly execute a release, waiver and/or covenant that is legal and enforceable for the City.

IN WITNESS WHEREOF, Claimants and the City hereunto set their hands as of this 28th day of January, 2019.

APPROVED AS TO FORM AND CONTENT:

_____
Bruce A. Lindsay, Attorneys for
City of West Covina

_____
Michael McGill, Attorneys for the
Plaintiffs/Claimants

_____
Chris Freeland, City Manager
West Covina, CA

_____
Keith Freeman

[SIGNATURES CONTINUED ON NEXT PAGE]

5

10.   **Counterparts:**   The Agreement may be executed in counterparts and/or by facsimile or email scanned image, the whole of which shall constitute the complete Agreement.

11.   **Severability Clause:**   If any terms or provision of this Agreement shall to any extent be found invalid or unenforceable, the remainder of the Agreement shall not be affected thereby, and each term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in this Agreement are not legal, or are void or unenforceable, Claimants agree to promptly execute a release, waiver and/or covenant that is legal and enforceable for the City.

IN WITNESS WHEREOF, Claimants and the City hereunto set their hands as of this 28TH day of ___JAN___, 2019.

APPROVED AS TO FORM AND CONTENT:


_____
Bruce A. Lindsay, Attorneys for
City of West Covina


_____
Chris Freeland, City Manager
West Covina, CA


_____
Michael McGill, Attorneys for the
Plaintiffs/Claimants


_____
Keith Freeman

[SIGNATURES CONTINUED ON NEXT PAGE]

5

10.  **Counterparts:**  The Agreement may be executed in counterparts and/or by facsimile or email scanned image, the whole of which shall constitute the complete Agreement.

11.  **Severability Clause:**  If any terms or provision of this Agreement shall to any extent be found invalid or unenforceable, the remainder of the Agreement shall not be affected thereby, and each term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in this Agreement are not legal, or are void or unenforceable, Claimants agree to promptly execute a release, waiver and/or covenant that is legal and enforceable for the City.

IN WITNESS WHEREOF, Claimants and the City hereunto set their hands as of this 28TH day of _____JAN_____, 2019.

APPROVED AS TO FORM AND CONTENT:

_____
Bruce A. Lindsay, Attorneys for
City of West Covina

_____
Michael McGill, Attorneys for the
Plaintiffs/Claimants

_____
Chris Freeland, City Manager
West Covina, CA

_____
Keith Freeman

[SIGNATURES CONTINUED ON NEXT PAGE]

5

1/28/19

Bryan Gaboury

Anthony Huacuja

Joseph Meyers

Doug Weischedel

Joseph Surdam

Matt Sevilla

Matt Nelson

Tedde Stephan

6

Bryan Gaboury

Anthony Huacuja

_Joseph Meyers_  1-24-19

Doug Weischedel

Joseph Surdam

Matt Sevilla

Matt Nelson

Tedde Stephan

6

Bryan Gaboury
_____

Anthony Huacuja
_____

Joseph Meyers
_____

Doug Weischedel
_____

Joseph Surdam
_____

Matt Sevilla
_____

Matt Nelson
_____

Tedde Stephan
_____

6

Bryan Gaboury

Anthony Huacuja

Joseph Meyers

Doug Weischedel

Joseph Surdam

Matt Sevilla

Matt Nelson

Tedde Stephan

6

_____
Bryan Gaboury

_____
Anthony Huacuja

_____
Joseph Meyers

_____
Doug Weischedel

MATTHEW SEVILLA  2/18/19

_____
Joseph Surdam

_____
Matt Sevilla

_____
Matt Nelson

_____
Tedde Stephan

6

_____          _____
Bryan Gaboury                       Anthony Huacuja


_____          _____
Joseph Meyers                       Doug Weischedel


_____          _____
Joseph Surdam                       Matt Sevilla


_____  01/31/2019
Matt Nelson                         _____
                                    Tedde Stephan

6

_____          _____
Bryan Gaboury                             Anthony Huacuja


_____          _____
Joseph Meyers                             Doug Weischedel


_____          _____
Joseph Surdam                             Matt Sevilla


_____          _____  1/24/19
Matt Nelson                               Tedde Stephan